UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA PLUMMER,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:16-cv-00753-AC<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

For the reasons that follow, the court will DENY plaintiff's motion for summary judgment, and GRANT the Commissioner's cross-motion for summary judgment.

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

## I. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits ("DIB") and for supplemental security income ("SSI") on September 26, 2012. Administrative Record ("AR") 120-21.[2] The disability onset date for both applications was alleged to be August 27, 2010. Id. Plaintiff was insured for DIB through December 31, 2012. AR 257. The applications were disapproved initially and on reconsideration. AR 120-21, 168-80. On July 22, 2014, ALJ Dante Alegre presided over the hearing on plaintiff's challenge to the disapprovals. AR 46-67 (transcript). Plaintiff was present and testified at the hearing. AR 48. Plaintiff was represented by Ms. Svetlana Kumansky at the hearing. AR 48. Susan Creighton-Clavel, Vocational Expert, also testified. AR 48. An interpreter was present to assist plaintiff as necessary. Id.

On October 23, 2014, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 9-21 (decision), 22-25 (exhibit list). On October 23, 2014, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-5.

Plaintiff filed this action on April 12, 2016. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 1,7. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 14 (plaintiff's summary judgment motion), 24 (Commissioner's summary judgment motion), 26 (plaintiff's reply).

Plaintiff previously applied for DIB and SSI in July 2008; an ALJ denied plaintiff's prior application on August 26, 2010. AR 80-81.

## II. FACTUAL BACKGROUND

Plaintiff was born on July 4, 1968, and accordingly was 42 years old on the alleged disability onset date, making Ms. Plummer a "younger person" under the regulations. AR 256;

---

[2] The AR is electronically filed at ECF Nos. 11-3 to 11-19 (AR 1 to AR 782).

see 20 C.F.R §§ 404.1563(c), 416.963(c). Plaintiff obtained her GED in Russia, and attended adult school in the United States to learn English. AR 52. Plaintiff can communicate in English but was assisted by a translator when she appeared before the ALJ. AR 48.

## III. LEGAL STANDARDS

"[A] federal court's review of Social Security determinations is quite limited." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015). The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the

ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. SSA, 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

"The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988). The ALJ's or Appeals Council's finding of non-disability, once it becomes the final decision of the Commissioner, is given "res judicata effect" as to the period of disability covered by the decision, so long as no "manifest injustice" would result. Lyle v. Secretary of Health & Human Services, 700 F.2d 566, 568 & 568 n.2 (9th Cir. 1983). However, for any subsequent, un-adjudicated period of alleged disability, an ALJ's finding that a claimant is not disabled only "create[s] a presumption that [the claimant] continued to be able to work" after the adjudicated period. Lester v. Chater, 81 F.3d 821, 827-28 (9th Cir. 1996) (emphasis added). "The claimant, in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, must prove 'changed circumstances' indicating a greater disability." Chavez, 844 F.2d at 693 (quoting Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985)); Light v. Soc. Sec. Admin., 119 F.3d 789, 791-92 (9th Cir. 1997) ("[t]he claimant may overcome the presumption by proving the existence of 'changed circumstances' that would establish disability' ") (some internal quotation marks omitted) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).

IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI). Plaintiff is

"disabled" if she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment. Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (citing identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill

v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since August 27, 2010, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).
>
> 3. [Step 2] The claimant has the following severe impairments: degenerative disc disease of the lumbar spine; obesity (20 CFR 404.1420(c) and 416.920(c).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record . . . claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift and carry 20 pounds occasionally, ten pounds frequently, and sit, stand and walk for six hours each in an eight hour day. The claimant can occasionally walk on uneven terrain and work at heights, but she can never climb ladders, ropes, or scaffolds.
>
> 6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. [Step 5] The claimant was born on July 4, 1968 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1463 and 416.963).
>
> 8. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a).

> 11. The claimant has not been under a disability, as defined in the
> Social Security Act, from August 27, 2010, through the date of this
> decision (20 CFR 404.1520(g) and 416.920(g)).

AR 11-21.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 21.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by (1) discounting worsening in plaintiff's condition since her previous denial of benefits; (2) improperly relying on the opinion of non-examining physicians; and (3) disregarding plaintiff's testimony and her father's lay person testimony. ECF 14 at 8-16. Upon thorough review of the record, none of these criticisms of the ALJ's opinion withstand scrutiny.

### A. Plaintiff did not rebut the presumption of continuing non-disability.

Plaintiff's assertion that she tendered a "changed circumstance" by the time of the 2014 decision, that was not part of the 2010 finding of nondisability, is not borne out by the record. The ALJ's opinion accounts for and rejects any new medical evidence presented by plaintiff. First, plaintiff argues that her "diagnostic lumbar condition was already serious at the time of the first ALJ decision" and that the ALJ in that case improperly relied on a consultative examiner and did not review MRI information. ECF 14 at 9, 16. Though plaintiff criticizes the 2010 decision, it is not at issue here; the period of disability plaintiff now claims begins after the closing of the 2010 case. AR 80-81, 120-121. The 2010 decision is not before this court, and the undersigned will not accept plaintiff's invitation to re-litigate that case at this time. See 20 C.F.R. §404.988 ("Conditions for reopening"). Even if the substance of the original ALJ determination were subject to re-litigation in the context of the instant case, it would not affect the result of this order. The ALJ's finding of nondisability is based on a full review of the record, and does not simply rely on the principles of res judicata. See AR 13-19.

Second, plaintiff asserts that new medical evidence demonstrates a worsening of her condition since the 2010 finding of nondisability. ECF 14 at 10. Plaintiff argues that applying a

presumption of continuing nondisability would result in manifest injustice because the medical record shows that her condition has become "so serious that surgery is scarcely an option any longer[.]" Id. at 14. Upon review of the medical record and the ALJ's decision, the court finds the decision properly accounts for changes in the medical record, and the ALJ's analysis supports his findings even without the presumption of continuing nondisability.

As a preliminary matter, it is unclear how plaintiff concludes that her condition is now too severe for surgery; all the evidence in the medical records indicates that surgery was recommended multiple times and refused on each occasion. AR 19, 483, 547, 618, 781. Plaintiff does not cite any record that indicates her condition has now become too severe for surgery. Plaintiff does not explain how the continued refusal to have a surgery that was previously offered demonstrates a worsening of her condition.

Plaintiff is correct that the ALJ did note that her objective medical records show some worsening herniation. AR 19. However, the ALJ also noted that the consultative examination report showed plaintiff lived a fairly active lifestyle, and was able to do light household chores such as washing dishes, laundry, and paying bills. AR 19. The ALJ is permitted to consider plaintiff's activities of daily living in making a disability determination. 20 C.F.R. §404.1529; see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2009).

The ALJ also noted that plaintiff had an accident while riding her bicycle on August 11, 2012, and that she walked home from the accident. AR 19, 522. While she reported a pain level of 10 out of 10 following the accident, she was able to walk unassisted from the toilet to her bed before she was discharged from Kaiser Foundation Hospital. AR 19, 523-24. The ALJ acknowledges the consultative report showed that plaintiff walked with a cane, but notes that the cane was not mentioned in plaintiff's treatment records from Kaiser Permanente, and the physical exam in several medical records showed that she had a normal gait. AR 19, 448, 500, 628. The ALJ further found that, while plaintiff had some positive straight leg raising tests, most of the tests were negative. AR 19, 449, 517, 527, 617. Plaintiff also denied pain/weakness in her lower extremities or back on occasion. AR 583, 526-27, 627. Plaintiff's physical examinations did not reveal any severe limiting effects from her chronic back pain. AR 19, 429, 438, 449, 526-27,

617, 724-26. It is the ALJ's responsibility to interpret the medical records and resolve conflicts. Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007). In this case, the ALJ addressed inconsistencies and came to a logical interpretation of the evidence.

Upon review of plaintiff's arguments, the ALJ's decision, and the record, the court finds the ALJ properly applied the presumption of continuing disability. The ALJ did not simply rely on the presumption; he independently considered and evaluated the new medical evidence and reached a conclusion of nondisability. AR 13-19. The court finds that the ALJ did not err in his determination that plaintiff has not rebutted the presumption of continuing nondisability.

### B. The ALJ properly relied on non-examining doctors.

Plaintiff contends that the ALJ afforded more weight to the opinions of state agency doctors than plaintiff's treating physician, Dr. Fieser. This argument does not warrant reversal because the ALJ adequately explained why the treating physician was being discounted, and why the specialized knowledge of the state doctors aided in his decision. AR 18-20. The ALJ is entitled to give greater than usual weight to non-treating doctors' opinions where they are consistent with the record as a whole. 20 C.F.R. § 404.1527(d)(4), Thomas, 278 F.3d at 957. The ALJ may reject the unsupported opinions of plaintiff's treating physician, whether or not that opinion is contradicted. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ may not give controlling weight to a treating physician's medical opinion unless it is well supported and not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2).

Here, the ALJ considered the opinion of Dr. Fieser, but gave the opinion little weight because it is "brief, conclusory, and inadequately supported by clinical findings." AR 18. The ALJ noted that Dr. Fieser assessed very restrictive functional limitations without providing any explanation for the assessment. Id. The ALJ found that Dr. Fieser's report essentially summarized plaintiff's subjective complaints, diagnoses, and treatment, but did not provide "medically objective or diagnostic support" for his opinion. AR 18. These are all valid reasons for giving little weight to a treating physician's opinion. Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012), citing Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir.2005) ("If a treating or

9

examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence....") and Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir.2009) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."). The ALJ did not err in giving little weight to plaintiff's treating physician because he explained his reasoning for doing so with the requisite specificity, and his reasoning is supported by the case law. Further, the ALJ supported his reliance on the non-examining physicians. AR 18-19. He noted in his discussion that the state agency consultant opinions were "well supported by the objective medical evidence and are consistent with the record as a whole including the claimant's activities of daily living." AR 19. The ALJ did not err in determining the relative weight given to the state agency physicians and plaintiff's treating physicians.

      C. <u>The ALJ properly discounted the statements of plaintiff and her father.</u>

The ALJ acted within the scope of his authority in making credibility determinations regarding plaintiff and her father's subjective statements; his findings are supported in the record and do not warrant reversal. While an ALJ may not discredit subjective testimony of excess pain without making specific findings justifying that decision, he is also not "required to believe every allegation of disabling pain[.]" Fair v. Bowen, 885 F.2d 597, 602-03 (9th Cir. 1989). There are types of evidence an ALJ can rely on in discrediting a plaintiff's testimony regarding pain, including testimony about the claimant's daily activities or a claimant's unexplained failure to seek treatment or follow a course of treatment. Id. Further, while an ALJ is generally bound to consider lay witness testimony, "[w]here lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony," failure to discuss lay testimony is not prejudicial per se. Molina v. Astrue, 674 F.3d 1104, 1117 (9th Cir. 2012).

In this case, the ALJ found that both plaintiff's daily activities and her failure to pursue recommended treatment discredited her subjective testimony. AR 19. Plaintiff does not dispute that she continues to refuse surgery. ECF 14 at 6 n. 6. Plaintiff has also refused other treatments

to improve her condition, such as injections, physical therapy, and counselors to assist with her depression. AR 19, 616, 449, 485-86. The ALJ appropriately noted that this demonstrates a possible unwillingness on the part of plaintiff to do what is necessary to improve her condition, and undermines the credibility of plaintiff's subjective complaints. AR 19. The ALJ also found plaintiff's daily activities, which include maintaining her personal care, preparing meals, light cleaning, laundry, shopping for groceries and clothes, managing her finances, and visiting with others once a week, undermined her testimony regarding debilitating pain. AR 16. Although the ALJ did not discuss plaintiff's father's statement at length, he noted that it mirrored plaintiff's statement and was not supported by the medical evidence. AR 16; compare AR 293-301 to 284-92. Thus, it was properly rejected for the same reasons as plaintiff's statement. The ALJ's did not err in his treatment of plaintiff's subjective statements and her father's lay person testimony.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 24), is GRANTED; and

3. The Clerk of the Court shall enter judgment for defendant, and close this case.

DATED: July 11, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE